IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.12-09582 |
| T-L BRYWOOD LLC, ) | Chapter 11 |
| a Delaware Limited Liability Company ) | Judge Donald R. Cassling |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**NOTICE OF MOTION**

TO: ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 20th day of March, 2012 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, in the room usually occupied by him as courtroom 615 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the Motion for Authority to Use Cash Collateral and For Related Relief, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
l35 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(3l2) 64l-6777

**CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion for Authority to Use Cash Collateral and For Related Relief to be served on all the parties listed on the attached service list first class mail, properly addressed, postage pre-paid, on the 13th day of March, 2012.

/s/David K. Welch

1

## SERVICE LIST

United States Trustee
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

William J. Connelly, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601

The Private Bank and Trust
120 S. LaSalle St.
Chicago, IL 60601

All Care Sweeping LLC
12120 State Line Rd., Suite 362
Leawood, KS 66209

Black Top Paving
551 Cambridge Ave.
Kanasas City, MO 64125

Custom Engineering, Inc.
12760 E. Highway 40
Independence, MO 64055

G4 Security Services
PO Box 277469
Atlanta, GA 30348

JPI Glass
9760 N. Pomona Ave.
Kansas City, MO 64153

KCMO Water Services Dept.
PO Box 807045
Kansas City, MO 64180

Kissick Construction Company
8131 Indiana Ave.
Kansas City, MO 64132

Law/Kingdon Inc.
PO Box 1094
Wichita, KS 67201

Piping Concepts
520 W. 103rd Street
Suite 311
Kansas City, MO 64125

PKFC, Inc. DBA Planet Fitness
4251 NE Port Drive
Lee's Summit, MO 64064

Seal O'Matic
PO Box 9037
Riverside, MO 64150

Shafer, Klein & Warren
11250 Corporate Ave.
Lenexa, KS 66219

Snowmen, Inc.
PO Box 4247
Overland Park, KS 66212

Stinson, Morrison Hecker LLP
PO Box 843052
Kansas City, MO 64184

Stucco Repair Specialists LLC
PO Box 6012
Leawood, KS 66206

Sunrise Electric
3813 SW Briarwood Oak Drive
Blue Springs, MO 64133

Taliaferro & Browne, Inc.
1020 East 8th Street
Kansas City, MO 64106

Terracon
13910 W. 96th Terrace
Lenexa, KS 66215

Terracon Consultants Inc.
13910 W. 96th Terrace
Lenaxa, KS 66215

Voltage Enterprises Inc.
217 W. A9th Terrace
Suite B
Kansas City. MO 64125

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.12-09582 |
| T-L BRYWOOD LLC, ) | Chapter 11 |
| a Delaware Limited Liability Company ) | Judge Donald R. Cassling |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**MOTION FOR AUTHORITY TO USE**
**CASH COLLATERAL AND FOR RELATED RELIEF**

T-L BRYWOOD LLC, a Delaware limited liability company, Debtor/Debtor-in-Possession herein, by and through its Attorneys, makes its Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court For Authority to Use Cash Collateral and For Related Relief; and in support thereof, states as follows:

**Introduction**

1.  On March 12 , 2012, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.  The Debtor is operating its business and managing its financial affairs as Debtor in Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3.  By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for mortgage claims asserted against the Debtor and its property by The PrivateBank and Trust Company ("Lender").

1

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

**Relevant Factual Background**

7. The Debtor is a Delaware limited liability company that is the owner and operator of a commercial shopping center located in Kansas City, Missouri known as the "Brywood Centre" ("Property").

8. The Property is comprised of retail shopping center space that is located at 8636 East 63rd Street, Kansas City, Missouri. The Property encompasses approximately 25.6 acres and comprises 183,159 square feet of retail space that is occupied by twelve (12) operating tenants. The occupancy rate for the Property is approximately 80%.

9. The Debtor and the Lender reached an impasse over the terms and conditions of another extension of the underlying mortgage loan on the Property. As a result, in order to protect the Property from foreclosure while the Debtor formulates an exit strategy from this reorganization case, the Debtor filed this Chapter 11 case.

10. As of the Petition Date, no foreclosure relating to the Property had been filed by the Lender. Importantly, according to an appraisal of the Property done on

behalf of the Lender, the Property has significant equity.

11.     Moreover, the Property generates more than sufficient cash flow to cover all operating, management and leasing expenses at the Property.

12.     Based upon the underlying loan documents of the Lender, the cash collateral issues in this Chapter 11 case relate to the rents generated at the Property and the funds on deposit in account(s) maintained by the Debtor.

13.     The Debtor has several options for the reorganization of the Property, all of which are presently being analyzed by the Debtor. Each of these options provides a mechanism for the payment of creditors' claims in the context of a confirmable Plan of Reorganization.

**Use of Cash Collateral**

14.     The Lender asserts a senior position mortgage lien and claim against the Property which purportedly secures a senior mortgage indebtedness of approximately $11,800,000.00. In addition to its mortgage liens on the Property, the Lender asserts a security interest in and lien upon the rents being generated at the Property.

15.     In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A)     Maintenance and Repairs;

B)     Insurance;

C)     Utilities;

D)     Real estate taxes;

E) Real estate management fees;

F) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period March 2012, through June 2012, (the "Budget") for the Property. This Budget itemizes the Debtor's cash needs during the relevant period.

16. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business and Property, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

17. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Lender asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful Plan of Reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lender.

18. Unless the Debtor is authorized to use cash collateral in which the Lender asserts an interest, the Debtor will be unable to continue to operate its business and manage its property, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

19. The Debtor proposes to use cash collateral and provide adequate

protection to the Lender upon the following terms and conditions:[1]

    A.    The Debtor will permit the Lender to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

    B.    The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

    C.    The Debtor will maintain sufficient cash reserves for the payment of current real estate taxes when such real estate taxes become due and payable;

    D.    The Debtor shall, upon reasonable request, make available to the Lender evidence of that which purportedly constitutes its collateral or proceeds;

    E.    The Debtor will properly maintain the Property in good repair and properly manage such Property; and

    F.    The Lender shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of its alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtor's Chapter 11 case through the next hearing on the use of cash collateral.

20.    Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lender or upon further Order of this Court. Furthermore, any expenses that are budgeted for payment in one month but are not paid in such month shall be carried over for payment in subsequent months.

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of this Court is necessary.

5

**Conclusion**

21.     The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

22.     The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its cash, all or a portion of which may constitute cash collateral, in that, without the limited use of such cash as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the Debtor and its estate.

23.     For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, T-L BRYWOOD LLC, a Delaware limited liability company, as Debtor/Debtor-in-Possession herein, prays for the entry of an Order as follows:

A.      Authorizing the Debtor to use cash collateral in which the Lender asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B.      Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C.      Setting a final hearing on this Motion; and

D. Granting such other relief as this Court deems just and appropriate

                                            T-L BRYWOOD LLC, a Delaware limited liability company

                                            By: /s/David K. Welch
                                                    One of its Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.
(Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Jeffrey C. Dan. Esq.
(Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\GRACE\Brywood\Cash Collateral.MOT.wpd